(Cuyahoga County, Court of Common Pleas.)

## JANNET T. L. CANFIELD, v. FRANK J. VACHA.

1. Leases of premises to be used for the sale of intoxicating liquors, and leases of premises which are permitted by the lessor to be so used, are void under section 4364, Revised Statutes, whether the sale of such liquors on the premises be lawful or unlawful.

2. In such cases, where the lease is void, the lessor may maintain an action for use and occupation against the occupants who have held and used the premises, and recover from them, for the time the premises were actually held by them.

3. Where the lease was made by the lessor to F. J. V., as lessee, and the lease was void, but the premises were actually occupied by F. L. V., on his own account, and in the transaction of his own separate business, no recovery can be had against F. J. V.

The suit was for a balance of $125, reserved as rent for premises 1651 Broadway, Cleveland, Ohio. The defendant set up in defense, that the premises were leased to be used and occupied for the sale of intoxicating liquors, and during all the time, were so used and occupied with the full knowledge and permission of the plaintiff.

On the trial the plaintiff admitted the defense to be true.

Defendant moved the court to enter a judgment for the defendant, and cited Goodall v. The Gerke Brewing Company, 1, Ohio Nisi Prius, 284.

The plaintiff cited Willson v. Trustees, 8 Ohio, 175.

Lamson, J. The objection is well taken, and the lease is void; there can be no recovery on the contract of lease, but the defendant can not occupy the plaintiff's premises and escape paying for the use of them.

I give the plaintiff leave to amend his petition and sue for the use and occupation of the premises, and then there may be a recovery for the time the premises were actually occupied.

The amendment was made, and then the uncontroverted proof developed the fact that the defendant never used or occupied the premises, but that he procured the lease for his 23 year old son, F. L. Vacha.

That F. L. V. paid the Dow Tax and the revenue license, and the same were issued to him in his name, and that the business conducted upon the premises was the sole and separate business of F. L. Vacha.

Lamson, J. There must be a judgment for the defendant. The lease is void, and there can be no recovery thereon. There can be no recovery against Frank. J. Vacha for use and occupation, as he did not use or occupy the premises.

Charles G. Canfield for Plaintiff.
Willson & David, for Defendant.